NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1292

COMMONWEALTH

vs.

M.C.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, M.C., appeals the denial of his motion to reconsider a District Court order denying his petition to seal his criminal record pursuant to G. L. c. 276, § 100C.  On appeal, the defendant argues that the motion judge abused his discretion by applying the wrong standard to the defendant's motion and denying the defendant a hearing.  We agree.

Background.  In May 2022, the defendant was charged with enticement of a child under the age of sixteen, in violation of G. L. c. 265, § 26C (b).  Following entry of a continuance without a finding and the defendant's completion of an eighteen-month probationary term, the charge was dismissed.  Seven months after the dismissal, the defendant filed a petition to seal the

record of the charge pursuant to G. L. c. 276, § 100C. The motion judge denied the petition without a hearing, completing the checkbox on a standard form that stated, in relevant part, "the Court finds no prima facie case in favor of sealing has been shown, and the petition to seal is DENIED." The defendant filed a motion to reconsider, which was also denied.

Discussion. We review a judge's denial of a petition to seal for abuse of discretion or error of law. Commonwealth v. Doe, 90 Mass. App. Ct. 793, 795 (2016).

"Where a defendant files a petition and accompanying documents setting forth facts that demonstrate good cause for overriding the presumption of public access to court records, a judge may determine on the pleadings whether a prima facie showing has been made." Commonwealth v. Pon, 469 Mass. 296, 322 (2014). In making that determination, a judge should evaluate

"[a]t a minimum . . . the particular disadvantages identified by the defendant arising from the availability of the criminal record; evidence of rehabilitation suggesting that the defendant could overcome these disadvantages if the record were sealed; any other evidence that sealing would alleviate the identified disadvantages; relevant circumstances of the defendant at the time of the offense that suggest a likelihood of recidivism or of success; the passage of time since the offense and since the dismissal or nolle prosequi; and the nature of and reasons for the particular disposition."

Id. at 316. If a prima facie showing is made, "the petition should proceed to a hearing on the merits." Id. at 322.

2

Here, in deciding the motion to reconsider, the motion judge did not apply the correct standard. In the order denying the motion to reconsider, the judge stated, in relevant part, the following: "The Court recognizes the issues presented by the Petitioner, but has concerns that not enough time has passed to ensure the likelihood of success in not reoffending such a serious and offensive charge. Based upon public safety, the Court does not support good cause for sealing the record." However, to be entitled to a hearing, the defendant only needed to make a prima facie showing of good cause. See Pon, 469 Mass. at 322.

Given that the defendant presented evidence of his rehabilitation, ongoing counseling, compliance with probation, and a counselor's opinion that he is at low risk of recidivism, we conclude that, under the framework established by Pon, 469 Mass. at 316, the defendant made a prima facie showing on the pleadings sufficient to warrant a hearing on his petition to seal his criminal record.[1]

Accordingly, the order denying the defendant's motion to reconsider is reversed, the order denying the petition to seal the record is vacated, and a new order granting the motion to

---

[1] We take no position on the merits of the defendant's petition.

reconsider and ordering a hearing on the petition to seal the record pursuant to G. L. c. 276, § 100C, shall enter.

<u>So ordered</u>.

By the Court (Henry, Hand & Brennan, JJ.[2]),

*Paul Little*

Clerk

Entered:  December 12, 2025.

---

[2] The panelists are listed in order of seniority.